FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 JUN 23 P 3:21

CLERK L. Falvictoria
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

ANDY THAM,

Petitioner,

vs. CIVIL ACTION NO. CV204-161

JOSES VAZQUEZ, Warden,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Andy Tham ("Tham"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C.A. § 2241. Respondent filed a Response, and Tham filed a Traverse. For the reasons which follow, Tham's petition should be **DENIED**.

## STATEMENT OF THE CASE

Tham was arrested on December 14, 1994, on charges of conspiracy to commit arson, mail fraud, and arson, in violation of 18 U.S.C.A. §§ 844(I), 1341, and 1346; he was released on bond that same day. Tham was ordered to reside at a Community Corrections Center (Dismas House) as a condition of his release while he awaited trial. After a jury trial, Tham was convicted on all counts on August 17, 1995, and was sentenced on November 17, 1995. (Resp., p. 3.)

Tham contends that he was in "official detention" during the time he resided at the Dismas House. Tham asserts that he is entitled to receive credit against his sentence for this time pursuant to 18 U.S.C.A. § 3585(b). Respondent asserts that any time spent in

a Community Corrections Center as a condition of bond or release is not creditable to the service of a sentence.

## DISCUSSION AND CITATION TO AUTHORITY

Pursuant to 18 U.S.C.A. § 3585(b):

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in *official detention prior to the date the sentence commences–*

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

28 U.S.C.A. § 3585(b) (emphasis added). This Code section makes it "clear that credit is awarded only for *presentence* restraints on liberty." Reno v. Koray, 515 U.S. 50, 56, 115 S. Ct. 2021, 2025, 132 L. Ed.2d 46 (1995) (emphasis in original). The Supreme Court noted that the Bail Reform Act of 1984, 18 U.S.C.A. § 3141, *et seq.*, "is the body of law that authorizes federal courts to place presentence restraints on a defendant's liberty" and reasoned that the "'official detention' language of § 3585(b) must be construed in conjunction with that Act." Id.[1] A judge presented with "a person charged with an offense" shall order that the defendant be "released" on bail or "detained" without bail "pending trial". 18 U.S.C.A. § 3142(a). A judge can release a defendant on bail subject to many restrictive conditions, including residence in a community center. 18 U.S.C.A. § 3142(c)(1); Dawson v. Scott, 50 F.3d 884, 889 (11th Cir. 1995). A judge can also impose a "'highly restrictive'

---

[1] In so reasoning, the Supreme Court noted that its finding that § 3585(b) must be construed with the Bail Reform Act was "especially" true because the Bail Reform Act of 1984 "was enacted in the same statute as the Sentencing Reform Act of 1984, of which § 3585 is a part." Id. at 56-57, 115 S. Ct. at 2025.

2

condition of bail or bond, such as requiring the defendant to report daily" to the "U.S. Probation Service". Id.; Bureau of Prisons ("BOP") Program Statement ("P.S.") 5880.28(c). However, if after a hearing the judge "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the judge "shall order the detention" of the defendant. 18 U.S.C.A. § 3142(e). Such a detention order shall "direct that the [defendant] be committed to the custody of the Attorney General for confinement in a corrections facility". 18 U.S.C.A. § 3412(i)(2). Accordingly, "under the language of the Bail Reform Act of 1984, a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions . . . is 'released.'" Rodriguez v. Lamer, 60 F.3d 745, 748 (11th Cir. 1995) (quoting Koray, 515 U.S. at 57, 115 S. Ct. at 2025).

Tham alleges that the Bail Reform Act of 1984 "affords a defendant an opportunity to be released, if he so chooses to, or desires bail pending trial." (Pet., p. 2.) Tham also alleges that he did not request or want to be released from custody. Tham avers that the Honorable Claude W. Hicks, United States Magistrate Judge for the Middle District of Georgia, issued an order that he be confined to the Dismas House, which caused Tham to be placed in official detention, as reflected on the criminal docket sheet. Tham contends that Judge Hicks also ordered that he report to the United States Probation Office.[2]

Contrary to Tham's understanding of the Bail Reform Act of 1984, a defendant may

---

[2] In his Traverse, Tham cites to Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004), and Goldings v. Winn, 383 F.3d 17 (1st Cir. 2004), as support for his position that he is entitled to credit against his sentence for the time he spent at the Dismas House. The Court declines to address this particular contention made by Tham but notes that these cases concerned habeas petitioners who wanted to be placed in a community corrections center at the end of their sentences and 18 U.S.C.A. § 3621(b). These cases are inapposite to the case *sub judice*.

3

request release on bail or bond, but the decision to allow such a release lies completely within the discretion of a judge; it is immaterial whether a defendant actually makes such a request. See 18 U.S.C.A. § 3142. In addition, a review of the docket sheet in Tham's criminal case reveals that Judge Hicks ordered that Tham be released on bail pending trial. Tham's pre-trial release was subject to certain conditions, such as reporting to the United States Probation Office and that Tham reside at the Dismas House in Atlanta, Georgia, and he could only be absent for employment purposes and court appearances. (5:94-CR-80, Doc. Entry 5; Gov't's Ex. 2, ¶ 4.) According to the BOP, any "time spent in residence in a [Community Corrections Center] or similar facility . . . as a result of a condition of bond . . . is not creditable to the service of a subsequent sentence." P.S. 5880.28, p. 14G. As set forth above, Tham's residence at the Dismas House was due to his pre-trial release on bail. Thus, Tham was not in "official detention" within the meaning of 18 U.S.C.A. § 3585(b), and the BOP was correct in declining to credit Tham with the time he resided at the Dismas House. See 18 U.S.C.A. § 3142(c)(1); Koray, 515 U.S. at 56, 115 S. Ct. at 2025; Dawson, 50 F.3d at 889.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Tham's Petition for Writ of Habeas Corpus (Doc. No. 1), filed pursuant to 28 U.S.C.A. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 23 day of June, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

4